TAYLOR, Presiding Judge.
The appellant, Paul Folsom, was convicted of sexual abuse and of burglary, violations of §§ 13A-6-66 and 13A-7-5, Code of Alabama 1975, respectively. He was sentenced to life in the penitentiary without parole for each offense.
The appellant contends that the court erred in denying his Batson v. Kentucky, 476 U.S. 79,106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), motion. In Batson, the United States Supreme Court held that the Equal Protection Clause of the United States Constitution prohibits the prosecution from exercising its peremptory strikes to remove blacks from a black defendant’s jury solely on the basis of their race. In Powers v. Ohio, 499 U.S. 400, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991), the Court extended the ruling in Batson to the striking of blacks from a white defendant’s jury. Batson was further extended to civil cases in Edmonson v. Leesville Concrete Co., 500 U.S. 614, 111 S.Ct. 2077,114 L.Ed.2d 660 (1991). The decision in Batson was further extended when the United States Supreme Court in Georgia v. McCollum, 505 U.S. 42, 112 S.Ct. 2348, 120 L.Ed.2d 33 (1992), held that the protections of Batson were also applicable to defense counsel in criminal trials. The Alabama Supreme Court, in White Consolidated Industries, Inc. v. American Liberty Insurance Co., 617 So.2d 657 (Ala.1993), *114 extended the application of Batson to the striking of white veniremembers. Batson has also been extended to prohibit gender-based strikes, see J.E.B. v. Alabama, — U.S. -, 114 S.Ct. 1419, 128 L.Ed.2d 89 (1994).
The state agrees with the appellant that the denial of the Batson motion was improper and requests that this cause be remanded to the Circuit Court for Jefferson County for that court to conduct a Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), hearing to determine if the appellant established a prima facie case of gender discrimination. The state argues that the court denied the motion based on dicta expressly disfavored by the Alabama Supreme Court in Ex parte Thomas, 659 So.2d 3 (Ala.1994).
It appears from the record that the court specifically, in finding that no prima facie case of discrimination had been established, relied solely on the composition of the jury as to gender. Finding no prima facie case of discrimination based solely on the composition of the jury was specifically condemned by the Alabama Supreme Court in Thomas.
For the foregoing reason, this cause is remanded to the Circuit Court for Jefferson County for that court to conduct a Batson hearing. If the court finds that no prima facie case of discrimination was made, then the court is directed to file with this court its reasons for that finding. If the court finds that a prima facie case has been established, then the court is directed to require the prosecution to give reasons for its strikes, to consider those reasons, to rule on them, and then to state its findings. Due return should be filed in this court no later than 42 days from the date of this opinion.
REMANDED WITH DIRECTIONS.
All the Judges concur.